**In re AMTEL, INC. SECURITIES LITIGATION.**

No. 334.

Judicial Panel on Multidistrict Litigation.

April 3, 1978.

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III *, STANLEY A. WEIGEL, ANDREW A. CAFFREY *, and ROY W. HARPER, Judges of the Panel.

PER CURIAM.

This litigation consists of seven actions pending in two districts: four in the Southern District of New York and three in the District of Rhode Island.

All seven actions arise from the takeover of Amtel, Inc. (Amtel) by AMCA International Corp. (AMCA) as a result of a tender offer made on November 14, 1977. Principal defendants, in addition to Amtel and AMCA, include Royal Little (Little), founder and former chairman of Amtel; Narragansett Capital Corporation (Narragansett), a company allegedly controlled by Little and holder of 9.4 percent of Amtel's shares before the private sale of those shares to AMCA prior to the tender offer; Little and Casler (L&C), a financial consulting firm allegedly controlled by Little; Dominion Bridge Co., Ltd. (Dominion), AMCA's parent company; and officers and directors of Amtel, AMCA and Dominion.

The complaints in the four New York actions are brought against Amtel, Royal Little and others, and claim that defendants violated the federal securities laws by failing to disclose to Amtel security holders the pendency of negotiations during the spring and summer of 1977 for the takeover of Amtel. Plaintiffs in three of these four actions seek certification of a class generally consisting of sellers of Amtel stock in the open market prior to the announced tender offer and/or holders of Amtel convertible installment notes who failed to exercise

* Judges Lord and Caffrey took no part in the decision of this matter.

rights that expired in October, 1977, to convert those notes into Amtel stock.

The three Rhode Island actions are brought against Royal Little, L&C, Narragansett, Dominion, AMCA, Amtel's president, a company controlled by Amtel's president, and the president of AMCA and Dominion. Plaintiffs allege that by the spring of 1977 the defendants constituted a "group" for the purpose of taking control of Amtel and that defendants failed to make certain requisite filings with the Securities and Exchange Commission pursuant to Section 13(d) of the Securities Exchange Act of 1934. Plaintiffs also allege that defendants' conduct in connection with the Amtel takeover violated several other provisions of the federal securities laws. Plaintiffs in the Rhode Island actions all seek to represent a class generally consisting of persons who sold Amtel common stock between June 1, 1977, and November 14, 1977, and who suffered damages as a result of defendants' allegedly unlawful acts.

All defendants move the Panel pursuant to 28 U.S.C. § 1407 to centralize all actions in this litigation in the Southern District of New York (or, in the alternative, the District of Rhode Island) for coordinated or consolidated pretrial proceedings. No party disputes the desirability of centralization under Section 1407. The plaintiffs in the New York actions also favor the Southern District of New York as the transferee district, while the plaintiffs in the Rhode Island actions favor the District of Rhode Island.

We find that the seven actions in this litigation raise common questions of fact and that transfer under Section 1407 of the Rhode Island actions to the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

As all parties to this litigation acknowledge, all the actions share factual questions regarding defendants' conduct with respect to AMCA's tender offer and acquisition of Amtel stock. Transfer under Section 1407 is necessary in order to avoid duplicative discovery, eliminate the possibility of inconsistent class and other pretrial rulings, and otherwise conserve the efforts of the parties, the witnesses and the judiciary. *See In re New York City Municipal Securities Litigation*, 439 F.Supp. 267, 269 (Jud.Pan. Mult.Lit.1977).

The major arguments raised by plaintiffs in the Rhode Island actions in favor of the District of Rhode Island as the transferee forum are that (1) the median time to trial for civil actions in the District of Rhode Island is three months shorter than the comparable figure for the Southern District of New York; and (2) many defendants, witnesses and documents will be found in or near the District of Rhode Island because Amtel, Narragansett, and L&C are headquartered in Providence, Rhode Island; AMCA and Dominion have their principal United States offices in Hanover, New Hampshire; and 22 of the 29 individual defendants are residents of either Rhode Island, Massachusetts, or New Hampshire.

Although either the District of Rhode Island or the Southern District of New York could be described as an appropriate transferee forum for this litigation, on balance we are persuaded that the Southern District of New York is preferable. The parties have represented to us that pretrial proceedings in the New York actions are somewhat ahead of pretrial proceedings in the Rhode Island actions, in part because the New York court has established a document depository in New York City while discovery activity in the Rhode Island actions has been stayed. New York City is where investment bankers and attorneys who helped to orchestrate the takeover of Amtel are located, where negotiations among the defendants concerning the takeover occurred, and thus where many documents and witnesses relevant to the litigation can be found. Also, the New York forum is the choice of plaintiffs in four of the seven actions in the litigation and all of the defendants, including those defendants who are headquartered or reside in or near Rhode Island.

If the plaintiffs in the Rhode Island actions wisely pool their efforts with the plaintiffs in the New York actions, we are confident that all plaintiffs will experience net savings of time, effort and expense. *See In re Cenco, Inc. Securities Litigation,* 434 F.Supp. 1237, 1239 (Jud.Pan.Mult.Lit. 1977). We note that witnesses located in New England will likely be deposed in proximity to their residences, *see* Fed.R. Civ.P. 45(d)(2), and thus would not be required to travel to the transferee district for pretrial under Section 1407. Further possibilities of inconvenience will be minimized in light of the geographical accessibility of New York City to Providence. And while a comparison of the civil action dockets in the districts under consideration as possible Section 1407 transferee districts is a relevant factor for the Panel to take into account when making its determination, this factor is minimal here because of the relatively small difference in workload statistics for the two districts. *See In re Career Academy Antitrust Litigation,* 342 F.Supp. 753, 754 (Jud.Pan.Mult.Lit.1972).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pending in the District of Rhode Island be, and same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Gerard L. Goettel for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and already pending there.

### SCHEDULE A

**Southern District of New York**

| | |
|---|---|
| Seymour G. Beidner v. Amtel, Inc., et al. | Civil Action No. 77 Civ. 5640 (GLG) |
| David H. Magid, et al. v. Amtel, Inc., et al. | Civil Action No. 77 Civ. 5668 (LWP) |
| Richard Deneau, et al. v. Amtel, Inc., et al. | Civil Action No. 77 Civ. 5718 (GLG) |
| Robert Z. Berman, et al. v. Amtel, Inc., et al. | Civil Action No. 77 Civ. 6218 (CHT) |

**District of Rhode Island**

| | |
|---|---|
| Joseph Marrell v. Royal Little, et al. | Civil Action No. 77–0684 (FJB) |

| | |
|---|---|
| Eurimpex, Anstalt, et al. v. Royal Little, et al. | Civil Action No. 77–0704 (FJB) |
| Arthur R. Simmons, et al. v. Royal Little, et al. | Civil Action No. 78–16 |